## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

ASHLEY HART,

     Plaintiff,                          CASE NO.

v.

AMERICAN MEDICAL
COLLECTION AGENCY,

     Defendant.

_____/

## COMPLAINT

ASHLEY HART ("Plaintiff"), through her attorneys, KROHN & MOSS, LTD., alleges the following against AMERICAN MEDICAL COLLECTION AGENCY (Defendant):

### INTRODUCTION

1.     Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* ("FDCPA").

2.    2.    Count II of Plaintiff's Complaint is based on the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

3.     Count II of the Plaintiff's Complaint is based on Telephone Consumer Protection Act, 28 U.S.C. § 227 *et seq.* ("TCPA").

### JURISDICTION AND VENUE

4.     Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5.     Defendant conducts business in the State of Florida thereby establishing personal jurisdiction.

6.      Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

7.      Plaintiff is a natural person who resides in Jacksonville, Duval County, Florida and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3) Fla. Stat. § 559.55(2).

8.      Defendant is a business entity with an office located at 4 Westchester Plaza. Ste. 110, Elmsford, NY 10523.

9.      Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(6).

10.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11.     In or around January 2014, Defendant began placing telephone calls ("collection calls") to plaintiff in an attempt to collect a debt an alleged debt.

12.     The collection calls are placed to Plaintiff at telephone number 904-343-59xx, which is Plaintiff's cellular telephone.

13.     Plaintiff never gave Defendant her permission to call her cell phone.

14.     The alleged debt arises from transactions related to medical services.

15.     Defendant has been assignment many telephone numbers from its telephone service providers including, but not limited to, 800-804-0057, which were used to place collection calls to Plaintiff.

16.     Each collection call placed by Defendant to Plaintiff was placed using an

automatic telephone dialing system or other equipment capable of storing or producing telephone numbers to be called using a random or sequential number generator ("predictive dialer").

17.     Shortly after the calls began, Plaintiff called Defendant and spoke to one of Defendant's employees, instructing Defendant to stop calling her cell phone.

18.     Plaintiff revoked any consent, actual or implied, for Defendant to call her cell phone.

19.     Despite Plaintiff's instruction, Defendant continued to use a predictive dialer to call Plaintiff's cell phone, calling her at least 86 times.

20.     Defendant's collection calls to Plaintiff's cell phone include, but are not limited to, the following:

|     |                      |
| --- | -------------------- |
| 1)  | 4/28/2014 5:27 AM    |
| 2)  | 4/28/2014 1:58 PM    |
| 3)  | 5/1/2014 9:28 AM     |
| 4)  | 5/1/2014 2:52 PM     |
| 5)  | 5/2/2014 5:15 AM     |
| 6)  | 5/5/2014 11:12 AM    |
| 7)  | 5/6/2014 7:45 AM     |
| 8)  | 5/7/2014 5:21 AM     |
| 9)  | 5/8/2014 11:11 AM    |
| 10) | 5/9/2014 10:45 AM    |
| 11) | 5/12/2014 5:41 AM    |
| 12) | 5/12/2014 10:47 AM   |
| 13) | 5/13/2014 8:32 AM    |
| 14) | 5/14/2014 11:48 AM   |
| 15) | 5/15/2014 10:50 AM   |
| 16) | 5/16/2014 9:57 AM    |
| 17) | 5/17/2014 11:16 AM   |
| 18) | 5/20/2014 9:58 AM    |
| 19) | 5/21/2014 5:54 AM    |
| 20) | 5/21/2014 1:22 PM    |
| 21) | 5/22/2014 8:48 AM    |
| 22) | 5/23/2014 6:13 AM    |
| 23) | 5/23/2014 1:30 PM    |
| 24) | 5/24/2014 9:06 AM    |
| 25) | 5/24/2014 1:37 PM    |

26)     5/26/2014 1:25 PM
27)     5/27/2014 8:21 AM
28)     5/27/2014 2:18 PM
29)     5/28/2014 5:51 AM
30)     5/29/2014 8:10 AM
31)     5/29/2014 1:29 PM
32)     5/30/2014 6:22 AM
33)     5/30/2014 3:01 PM
34)     5/31/2014 6:20 AM
35)     5/31/2014 1:29 PM
36)     6/2/2014 6:12 AM
37)     6/2/2014 1:09 PM
38)     6/5/2014 11:06 AM
39)     6/6/2014 5:27 AM
40)     6/6/2014 1:23 PM
41)     6/9/2014 1:27 PM
42)     6/10/2014 5:22 AM
43)     6/10/2014 1:44 PM
44)     6/11/2014 1:46 PM
45)     6/12/2014 6:50 AM
46)     6/12/2014 1:22 PM
47)     6/14/2014 6:05 AM
48)     6/14/2014 10:26 AM
49)     6/16/2014 6:53 AM
50)     6/16/2014 1:19 PM
51)     6/17/2014 6:04 AM
52)     6/17/2014 1:51 PM
53)     6/19/2014 6:54 AM
54)     6/20/2014 8:02 AM
55)     6/21/2014 6:56 AM
56)     6/23/2014 8:54 AM
57)     6/23/2014 1:51 PM
58)     6/24/2014 5:29 AM
59)     6/24/2014 2:21 PM
60)     6/26/2014 10:09 AM
61)     6/27/2014 9:08 AM
62)     6/28/2014 12:39 PM
63)     7/2/2014 9:51 AM
64)     7/3/2014 8:38 AM
65)     7/4/2014 10:00 AM
66)     7/7/2014 6:02 AM
67)     7/8/2014 9:41 AM
68)     7/9/2014 10:47 AM
69)     7/10/2014 9:46 AM
70)     7/11/2014 10:16 AM
71)     7/12/2014 8:37 AM

| | |
|---|---|
| 72) | 7/14/2014 8:28 AM |
| 73) | 7/15/2014 9:08 AM |
| 74) | 7/15/2014 3:42 PM |
| 75) | 7/18/2014 11:47 AM |
| 76) | 7/19/2014 11:15 AM |
| 77) | 7/23/2014 11:40 AM |
| 78) | 7/24/2014 10:57 AM |
| 79) | 7/25/2014 10:23 AM |
| 80) | 7/26/2014 9:17 AM |
| 81) | 7/28/2014 3:05 PM |
| 82) | 7/29/2014 7:17 AM |
| 83) | 7/30/2014 11:19 AM |
| 84) | 7/31/2014 12:29 PM |
| 85) | 7/31/2014 2:51 PM |
| 86) | 8/2/2014 8:52 AM |

21.     Plaintiff is annoyed and feels harassed by Defendant's repeated collection calls to her cell phone.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

22.     Defendant violated the FDCPA.  Defendant's violations include, but are not limited to the following:

   a.   Defendant violated § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and/or abuse Plaintiff;

   b.   Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

23.     Statutory damages of $1,000.00 pursuant to the FDCPA, 15 U.S.C. 1692k;

24.     Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k; and

25.     Any other relief that this court deems to be just and proper.

## COUNT II
## VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT

26.     Defendant violated FCCPA § 559.72(7) by willfully communicating with Plaintiff with such frequency as can be reasonably expected to harass Plaintiff.

**WHEREFORE,** Plaintiff respectfully requests that the Court enter judgment against Defendant for the following:

27.     Statutory damages pursuant to the Florida Consumer Collections Practices Act, §559.77(2);

28.     Costs and reasonable attorneys' fees pursuant to the Florida Consumer Collections Practices Act, §559.77(2);

29.     Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

30.     Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

31.     Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

32.     Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

33.   Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

34.   All court costs, witness fees and other fees incurred; and

35.   Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: _____

Shireen Hormozdi
FBN: 0882461
Krohn & Moss, Ltd
10474 Santa Monica Blvd., Suite 405
Los Angeles, CA 90025
Phone:  (323) 988-2400 ext. 267
Fax:      (866) 861-1390
Attorney for Plaintiff